# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DELORIS M. MAUPIN,**

    **Plaintiff**,

  v.                        Case No. 06-C-160

**SUSAN KISSINGER,**

**SCOTT STRANDBERG,**

**KATIE LILLEY,**

**PAULA PENEBAKER,**

    **Defendants**.

## ORDER

On February 6, 2006, Deloris Maupin ("Maupin"), proceeding pro se, filed a complaint against the defendants. Accompanying her complaint were a motion to proceed in forma pauperis and a motion for the appointment of counsel. Maupin's complaint failed to establish the basis for Maupin's federal claims. Therefore, on June 12, 2006, this court ordered that Maupin submit an amended complaint. Additionally, because Maupin failed to provide information regarding her efforts to obtain counsel on her own, the court denied Maupin's request for the appointment of counsel.

On July 11, 2006, Maupin submitted an amended complaint and renewed her request that the court appoint counsel for her.

Before this court is able to grant Maupin's motion to proceed in forma pauperis, this court must determine that her case (1) is not frivolous or malicious, (2) does not fail to state a claim upon

which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In Maupin's petition to proceed in forma pauperis, she alleges she is unemployed, owns a vehicle valued at approximately $100.00, and has $5.00 in her checking account. She has a monthly income of $708.00 and outlines reasonable monthly expenses amounting to $708.00, most significant of which is $395.00 for rent. Based upon these disclosures, Maupin alleges sufficient liabilities and income to satisfy the court that she is indigent. Thus, the court will turn to the merits of Maupin's claims against the defendants.

In her amended complaint, Maupin asserts that this court has jurisdiction under the Fair Housing Act. Maupin alleges that defendants Susan Kissinger, Scott Strandberg, and Katie Lilley are all white and approximately half of Maupin's age. Maupin alleges that these defendants discriminated against her because of her age and race. In her original complaint, Maupin states she is a black female, 64 years of age.

At this very preliminary review of Maupin's claim, this court is unable to say that Maupin's claims are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. Therefore, Maupin's motion to proceed in forma pauperis shall be granted.

As for Maupin's request that counsel be appointed for her, Maupin indicates in her renewed request that she has contacted Legal Action of Wisconsin, who indicated that they lack the resources to represent Maupin. Maupin further states that she contacted four attorneys, all of whom stated they do not handle cases such as Maupin's. Maupin does not identify who these four attorneys are or how she selected these attorneys. It appears that Maupin may have merely chosen attorneys at random and therefore may be more successful if she sought out lawyers who specialize in her type of claim. In any event, this court shall not appoint counsel for Maupin.

Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir. 1982). This court is authorized to request, but not compel, Mallard v. United States District Court, 490 U.S. 296 (1989), an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1). Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir. 1983). The court, however, has no access to funds to compensate attorneys for such representation. Thus, counsel is appointed under § 1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. McNeil v. Lowney, 831 F.2d 1368, 1371 (7th Cir.1987).

Before this Court may even consider requesting an attorney to accept appointment under § 1915(e)(1), it must first determine whether a plaintiff has made a reasonable but unsuccessful effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir.1992). Once a plaintiff demonstrates

that he has made a reasonable effort to secure counsel, the court may consider additional factors in deciding whether to request counsel represent him without payment. These factors include: (1) the merits of the plaintiff's claim for relief; (2) the plaintiff's ability to investigate crucial facts without counsel; (3) whether the evidence in the case consists of largely conflicting testimony requiring the skill of trained counsel to insure that the truth will come out; (4) the plaintiff's ability to present the case; and (5) the complexity of the legal issues raised by the plaintiff's complaint. Id. at 1072 (citing Maclin v. Freake, 650 F.2d 885, 887-88 (7th Cir. 1981)). In short, the court considers whether the plaintiff appears to be competent to try this case himself, given the difficulty of the case; and, if not, whether the presence of counsel is likely to make a difference in the outcome. Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).

Maupin argues that she is unable to represent herself because the case is complex, she does not possess the ability to investigate the crucial facts of her case, and because she lacks the ability to conduct legal research or prepare legal pleadings. Maupin also points to limitations due to health problems as a factor limiting her ability to prosecute this case.

Having reviewed Maupin's filings in this matter, the court believes that Maupin can appropriately represent herself and the appointment of an attorney is not likely to make a difference in the outcome of this case.

**IT IS THEREFORE ORDERED** that Maupin's motion to proceed in forma pauperis is **granted**.

**IT IS FURTHER ORDERED** that Maupin's motion for appointment of counsel is **denied**.

Dated at Milwaukee, Wisconsin, this 2nd day of November, 2006.

s/AARON E. GOODSTEIN  
United States Magistrate Judge